ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 JUN 16 PM 12:40
CLERK _L. Fenders_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN ROONEY, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 311-045 |
| MARTY ALLEN, Warden, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, brought the captioned matter ostensibly pursuant to 28 U.S.C. § 2241. He seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED** as **MOOT**, that the petition be **DISMISSED**, and that this civil action be **CLOSED**.

I. **BACKGROUND**

Petitioner, an inmate detained at Dodge State Prison ("Dodge") in Chester, Georgia, alleges that he has been the victim of deliberate indifference and medical negligence. (See generally doc. no. 1.) Specifically, Petitioner argues that he has been denied orthopaedic care for both of his hips, his left arm and shoulder, his cervical and thoracic spine, as well as both of his knees. (Id. at 7-8.) Petitioner alleges that he suffers pain, grating, decreased mobility, and loss of feeling, and that he requires surgery for at least some of his problems. (Id.) Petitioner also states that he is "mobility impaired" and must use a cane to ambulate. (Id. at

9.) Petitioner avers that he is being denied treatment on a discriminatory basis due to his age, race, veteran's status, disability, time in incarceration, and the nature of the offenses he was convicted of committing. (Id. at 7.)

As relief, Petitioner demands an evaluation and diagnosis by an orthopaedic surgeon, followed by the development of a plan to treat Petitioner's above-cited ailments. (Id. at 10.) Petitioner also requests a court order to protect him from harassment and retaliation. (Id.) Finally, Petitioner requests to be released from incarceration if he is not provided with the orthopaedic care and protection that he seeks. (Id.)

## II. DISCUSSION

### A. Petitioner's Action Fails as a § 2241 Petition

The Court begins by noting that, although Petitioner has labeled this action as a petition brought pursuant to § 2241, the petition for writ of habeas corpus "traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)). Section 2241 empowers the Court to act only when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Petitioner used a form for federal prisoners seeking habeas corpus relief pursuant to § 2241, he hand-labeled the "petition" as addressing "Conditions of Confinement," and also cites to the exhaustion requirements for federal civil actions addressing prison conditions as set in the Prisoner Litigation Reform Act, 28 U.S.C. § 1915 *et seq.* ("PLRA"). (See doc. no. 1, pp. 1, 5-6.) Additionally, Petitioner does not contend that his confinement is unlawful; though he does request release as a last resort, he primarily

2

seeks injunctive relief for alleged violations of his civil rights. (See generally id.) In short, Petitioner does not seek habeas relief.

That said, even if the instant action may be considered as properly brought under § 2241, "habeas corpus actions require a petitioner fully to exhaust state remedies." Wilkinson, 544 U.S. at 79.

The exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(§ 2254 case). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a "fair opportunity" to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). In order to afford the state courts this "full and fair opportunity" to address his claims, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Here, Petitioner does not allege that he has sought any remedy in state court regarding his current allegations.[1] Accordingly, any habeas claim he may be seeking to raise, such as his request for release if not provided with his requested orthopaedic care, must be dismissed.

---

[1] Petitioner does claim that he has exhausted the administrative grievance procedure at Dodge, but such exhaustion does not afford the state courts an opportunity to resolve constitutional issues through the appellate review process as required to file a petition pursuant to § 2241. See O'Sullivan, 526 U.S. at 845. Rather, the exhaustion of administrative remedies is a prerequisite to filing a civil action with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law. See 42 U.S.C. § 1997e(a).

3

### B. Petitioner's Action is Barred as a § 1983 Civil Rights Complaint

Of course, the Court may also construe the petition liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), as a civil rights complaint brought under 42 U.S.C. § 1983. As Petitioner's petition was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss an action, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

However, if construed as brought pursuant to § 1983, this action suffers from a fatal defect: Petitioner has at least three strikes under 28 U.S.C. § 1915(g). As stated above, Petitioner seeks permission to proceed IFP, and a prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the PLRA, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality

---

[2]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

4

of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

### 1.     Prior Filing History

A review of Petitioner's history of filings reveals that he has brought at least three cases that were dismissed as frivolous under § 1915(g): (1) Rooney v. Carsten, CV 195-3006 (N.D. Ga. Dec. 22, 1995); (2) Rooney v. Carsten, CV 195-3007 (N.D. Ga. Dec. 15, 1995); and (3) Rooney v. Zellner, CV 195-3008 (N.D. Ga. Dec. 22, 1995). As Petitioner filed a complaint that was dismissed as frivolous in each of the cases cited above, these previously dismissed cases qualify as strikes under § 1915(g).[3,4] As Petitioner has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### 2.     No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Although Petitioner claims deliberate indifference and medical negligence, none of his allegations indicate that he is in imminent danger of serious physical injury. Petitioner alleges that he is not receiving orthopaedic care for his hips, knees, cervical and

---

[3]In fact, the Honorable Marvin H. Shoob, United States District Judge, previously dismissed a § 1983 action filed by Petitioner pursuant to the three strike provision under § 1915(g). Rooney v. Lawler, CV 103-2612 (N.D. Ga. Oct. 7, 2003).

[4]As mentioned, *supra*, Petitioner is aware of the PLRA (see doc. no. 1, pp. 5-6), yet he conveniently fails to convey his prior history of filing civil actions pursuant to 42 U.S.C. § 1983. (See generally id.)

5

thoracic spine, as well as his left arm and shoulder. (Doc. no. 1, pp. 8-9.) As a result, Petitioner claims that he has trouble with pain, grating, numbness and mobility. (Id.)

The Court looks to Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), for guidance on the issue of what constitutes "imminent danger of serious physical injury." In Brown, the Eleventh Circuit relied on several cases already decided in the Third, Seventh, and Eighth Circuits to decide whether a prisoner was "under imminent danger of serious physical injury." Brown, 387 F.3d at 1349-50. For example, the Eleventh Circuit cited with approval an Eighth Circuit case holding that a plaintiff's conclusory assertions that defendants were trying to kill him by forcing him to work extreme conditions on two occasions (months apart), despite his blood pressure condition, were too general to invoke the exception to § 1915(g), "absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. (citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Furthermore, in Brown, the plaintiff alleged a total withdrawal of treatment for serious diseases, as a result of which he suffered from severe ongoing complications; thus, the Eleventh Circuit concluded that, viewed together, the afflictions of which the plaintiff complained (including his HIV and hepatitis), and the alleged danger of more serious afflictions if he was not treated, constituted imminent danger of serious physical injury. Id. at 1350.

Here, although Petitioner does allege that he suffers from chronic medical conditions, they are not at the same level of severity as the conditions faced in Brown. Additionally, although Petitioner does allege that he is being denied orthopaedic medical care for certain conditions, he does not allege a total cessation of a previously prescribed treatment regime

6

leading to rapid health deterioration, as was the case in Brown. Petitioner also fails to explain how the lack of orthopaedic treatment for his conditions places him in any imminent danger of serious physical injury. In sum, Petitioner's allegations do not support a finding of "imminent danger" at the time Petitioner commenced the above-captioned matter. Therefore, Petitioner fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED** as **MOOT** (doc. no. 2), that the petition filed ostensibly pursuant to 28 U.S.C. § 2241 be **DISMISSED**, and that this civil action be **CLOSED**. If Petitioner wishes to proceed with the claims raised in this lawsuit, he should be required to submit a complaint pursuant to 42 U.S.C. § 1983, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 16th day of June, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE